**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. **10-CR-0156-CVE** |
| ) | |
| **TIMOTHY O. BROADOUS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the Government's Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt. # 18) and the Government's Motion to Amend the Scheduling Order (Dkt. # 19). The government asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Defense counsel takes no position on the government's motions. Dkt. # 18, at 1.

The indictment (Dkt. # 2) in this case was returned on October 4, 2010, and charges the defendant with thirteen separate counts. Counts One through Five of the indictment charge the defendant with wire fraud in violation of 18 U.S.C. § 1343. Count Six of the indictment charges the defendant with the concealment of assets in violation of 18 U.S.C. § 152(1), and Counts Seven through Thirteen charge the defendant with money laundering in violation of 18 U.S.C. § 1957.

The crux of the government's case revolves around an alleged investment Ponzi scheme involving the foreign exchange market (FOREX market). The government alleges that, between 2004 and 2007, defendant created business entities for the purpose of receiving investor funds to be traded in the FOREX market. The FOREX market involves commodity-type trading in foreign currency from around the world. Defendant employed individuals to run the daily operations of the business entities and recruit investors. Between 2005 and 2007, defendant received investor funds

in excess of approximately $2,427,688.57. These funds were provided to defendant for the express purpose of investing in the FOREX market. From the total amount of investor funds received, defendant allegedly diverted approximately $1,398,803.62 for his own personal use and benefit. On August 15, 2007, defendant filed a voluntary petition for bankruptcy relief pursuant to Chapter 7 of Title 11, United States Code, in the United States Bankruptcy Court for the Northern District of Oklahoma. The indictment alleges that defendant knowingly and fraudulently concealed property belonging to the estate of the debtor from the chapter 7 trustee, creditors, and the United States Trustee. Dkt. # 2, at 8. Finally, the indictment alleges that defendant laundered over $528,000 of monetary instruments which had been derived from the wire fraud. The indictment involves a large scale investment scheme which spanned the entire United States. Witnesses at trial will include over 30 victim-investors alone from 14 different states.

On November 6, 2010, the government provided discovery to defense counsel which included over 24,000 pages of documents. These documents were provided in scanned form on several compact disks. The government attempted to provide all of the discovery materials to defense counsel in an I-Pro database that is searchable and would make navigating the voluminous discovery materials somewhat easier. Technical problems prevented the government from completing the production of I-Pro based materials until November 10, 2010. Much of the discovery materials are large compilations of financial institution records including over 22 bank accounts and their associated records. Additionally, there are hundreds of financial transactions set forth in the discovery documents.

The government asserts that counsel for the government and defendants will require a significant amount of time to prepare for trial and asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 97, at 6. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271.

This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The government asks the Court to declare this matter a complex case under § 3161(h)(7)(B)(ii), and defense counsel takes no position on the government's motion. Dkt. # 18, at 1. The Court has reviewed the government's motion and concludes that the government has provided an adequate record for the Court to rule on this matter without a hearing. The Court finds that it would be unreasonable to expect defense counsel to review discovery, draft pretrial motions, and prepare for trial within the time provided by the Speedy Trial Act, and this case should be declared a complex case under § 3161(h)(7)(B)(ii). The government has produced over 24,000 pages of discovery, and this is a substantial amount of material for defense counsel to review before trial. This case involves numerous bank accounts and complex financial transactions, and the Court agrees with the government that review of this discovery will be time-consuming. The government also notes that witnesses with relevant information are scattered across the United States, and the geographic location of witnesses will make pretrial preparation difficult for both parties. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal

cases, this interest must be balanced against the defendant's interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case.

**IT IS THEREFORE ORDERED** that the Government's Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt. # 18) and the Government's Motion to Amend the Scheduling Order (Dkt. # 19) are **granted**. All deadlines in the scheduling order (Dkt. # 11), including the jury trial set for December 20, 2010, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | February 11, 2011 |
| Responses due: | February 25, 2011 |
| PT/CP/Motions Hearing: | March 4, 2011 at 9:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | March 14, 2011 |
| Jury Trial: | March 21, 2011 at 9:15 a.m. |

**IT IS FURTHER ORDERED** that the time between December 20, 2010 and March 21, 2011 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 12th day of November, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5